**United States District Court**
**Northern District of Illinois**

| | |
|---|---|
| **Plaintiff** ) | Case No_: 16-cv-9064 |
| Victor Murray ) | |
| ) | Judge: Honorable Ronald A. Guzman |
| Vs. ) | |
| ) | Magistrate Judge: Hon. Mary Rowland |
| **Defendants** ) | |
| Blinderman Construction, Inc. ) | |
| Mr. Steve Blinderman | |
| Mr. David Blinderman | |
| Mr. Havbier (Xavier) Zerody | |

RECEIVED JUN - 1 2017 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

## Amended Complaint of Employment Discrimination

**The plaintiff,** Victor Murray, pro se, respectfully submits to this court (updated) filing of amended complaint. The plaintiff asks to add the aforementioned individual names to my original complaint as party to this suit.

**Employment Workplace Race Discrimination: Title VII Civil Rights Act, 1964 & 42 U.S.C. $ 1981**
And in support thereof, states as follows;

1) The second defendant is: Mr. Havbier or "Xavier" Zerody (staff officer/HR department interviewer). In their sworn position statement response to EEOC charge of discrimination, Blinderman Construction Company states that I never went directly through the hiring process with their company, and I was only hired by a subcontractor of theirs. This is not true…! Mr. Havbier Zerody can substantiate the fact that I applied, was interviewed, and completed the hiring process directly with the Blinderman Construction Company. Mr. Zerody was both directly & indirectly responsible for his lack of being in compliance with The City of Chicago community hiring practices on the Midway Airport housing project.

2) The third defendant is: Mr. Steve Blinderman (owner & President).
3) The fourth defendant is: Mr. David Blinderman (Chief Executive Officer).

Although numerous attempts were made to report & communicate the issue of my hiring and work assignment to these higher officials in authority within the Blinderman construction organization, these attempts to resolve the situation were continually ignored by these people. During the time supposedly, I was to begin work back in early June of 2015_ certain assurances were made to soon resolve this problem by the HR Hiring Manager, Havbier and Jack, the General Foreman/Superintendent for the Midway Housing Project. However after many months, they never followed through with any of their "verbal" promises to put me to work.

These individuals are both directly and indirectly responsible for the alleged race-based employment discrimination that has taken place in this case (Title VII and 42 U. S. C. * 1981). Mr. Steven and Mr. David Blinderman, as top executive officers & supervisors of their company, despite their personal intentions or lack of attention to this matter, are ultimately responsible for the culture of discrimination that exists within their organization.

{Please see copy of original complaint documents attached to this amendment.}

Victor M. Murray
6727 South Maplewood Ave.
Chicago IL. 60629
Phone: (872) 238-8094

*Victor M. Murray* (signature)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

Plaintiff **Mr. Victor Murray** )
Pro-SE )
v. ) Case Number: **16-CV-9064**
)
**Blinderman Construction Inc.** ) Judge: **Hon. Ronald Guzman**
**Mr. Steven Blinderman** )
Defendants **Mr. David Blinderman** ) Magistrate Judge: **Hon. Mary Rowland**
**Mr. Habier Zerody** )

**NOTICE ~~OF MOTION~~ SERVICE**

TO: **Laner Muchin Law, LTD. Attn. To: Attorney Peter Gillespie**
**515 North State St., Suite 2800**
**Chicago, IL. 60654**

**PLEASE TAKE NOTICE** that on **6/1/2017** at **11:45am**, ~~or as soon thereafter as I may be heard, I shall appear before the Honorable Judge~~ **Amended complaint filed** ~~or any judge sitting in his or her stead~~ in Courtroom **20th Floor** of the U.S. District Court of the Northern District of Illinois, Eastern Division, 219 South Dearborn St., Chicago, Illinois and shall present **the following** ~~motion~~ **attached hereto:** **Amendment to complaint.**

---

## CERTIFICATE OF SERVICE

I hereby certify that on **Tue. 6/1/17**, I provided service to the person or persons listed above by the following means: **certified mail or fax**

Signature: **Victor M. Murray** Date: **June 1st, 2017**

Name (Print): **Victor M. Murray**

Address: **6727 So. Maplewood Ave** Phone: **(872) 238-8094**
**Chicago IL. 60629**

Rev. 06/29/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

RECEIVED
2016 SEP 19 PM 5:42
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Victor Murray )
_____ )
_____ )
Plaintiff(s), )  Case Number: **16CV09064**
 )
v. Blinderman Construction, Inc. ) *Note: Amended Complaint Doc.*
 ) Attached to this Original
_____ ) ("updated") Filed: 6/1/2017
Defendant(s). )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is **MR. VICTOR MURRAY** of the county of **COOK** in the state of **Illinois**.

3. The defendant is **Blinderman Construction, CO. Inc.**, whose street address is **224 North Des Plaines St. Chicago, IL. 60661**
(city) **Chicago** ~~Des Plaines~~ (county) **Cook** (state) **IL.** (ZIP) **60661**

(Defendant's telephone number) **(312) – 982-2600**
Direct Phone # For Mr. Steve Blinderman, Company ower: (312) 982-2587

4. The plaintiff sought employment or was employed by the defendant at (street address)
**Midway Airport project site office 5207 W. 65th** (city) **Chicago**
(county) **COOK** (state) **ILL.** (ZIP code) **60638**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [check one box]

   ✱ Hired by general contractor (Blinderman co.), but denied the opportunity to work.

   (a) ☑ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) __May__, (day) __11__, (year) __2015__.

7.1 (Choose paragraph 7.1 or 7.2, do not complete both.)

   (a) The defendant is not a federal governmental agency, and the plaintiff [check one box] ☑ has ☐ has not filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☑ the United States Equal Employment Opportunity Commission, on or about (month) __March__ (day) __1st__ (year) __2016__.

   (ii) ☐ the Illinois Department of Human Rights, on or about (month) __June__ (day) __9th__ (year) __2016__.

   (b) If charges were filed with an agency indicated above, a copy of the charge is attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and    N/A

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

~~defendant asserting the acts of discrimination indicated in this court complaint.~~ {No Fed......} N/A

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) June (day) 22nd (year) 2016 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☑ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]
    (a) ☐ failed to hire the plaintiff.
    (b) ☐ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.
    (d) ☐ failed to reasonably accommodate the plaintiff's religion.
    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.
    (f) ☐ failed to stop harassment;
    (g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
    (h) ☒ other (specify): _Hired the plaintiff, But denied the opportuntiy to Work & earn pay!_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

12. (h) cont.

In or around April 2015, I applied for Carpenter position with the defendant company, and was supposedly hired. Since April & May of 2015 to the present time, I have not been allowed the chance to work & earn pay. However, I was told to report to work within one week shortly after passing the company drug-testing....

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I had been repeatedly given excuses, "Put on the back-burner", and even outright lied to about my hiring and placement for work assignment all of this time by Supervisors of this Construction company! The Midway Airport Housing Project has certain Chicago Community hiring compliances that must be met by contractors. It is quite clear to anyone who is willing to see the "truth" that this contractor, Blinderman Const. Co., had simply used me as a "ghost employee" to cover their tracks in their contract hiring compliance issues!

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff. Not allowing me to work was discriminatory!

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check only those that apply]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ Direct the defendant to (specify): reasonably compensate plaintiff due to the defendant's apparent acts of "discrimination", "Nepotism" and "Patronage" for the Loss of pay & income equal to the period of time

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(Continued page #6 →)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

96.
(F) cont. ...From first date of discrimination (approx. May 11, 2015) to time of Filing Law Suit (approx Sept. 22, 2016). Pay at the current carpenter Union rate $44.35 per hour = $ _____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

_Victor M. Murray_
(Plaintiff's signature)

_Victor M. Murray_
(Plaintiff's name)

_6727 South Maplewood Ave._
(Plaintiff's street address)

(City) _Chicago_ (State) _IL._ (ZIP) _60629_

(Plaintiff's telephone number) (_872_) – _238-8094_

Date: _Sept. 10th, 2016_

Amended Complaint
Filed: 6/1/2017

_Victor M. Murray_
(PRO-SE)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

United States District Court Northern District of Illinois

Plaintiff - Victor Murray )   Case No_:  16-cv-9064
Vs. )   Judge:  Honorable Ronald A. Guzman
Defendant - Blinderman Construction )

## Plaintiff's initial disclosures

I. Bring into evidence U.S. Equal Employment Opportunity Commission charge of discrimination filing.

II. Bring into evidence documentation which I had initially filed with my EEOC complaint. These letters describe more in detail the circumstances surrounding my charge of discrimination against Blinderman Construction Company.

III. Present evidence of the company (Concentra Medical Center) in Bridgeview IL, which handled the medical pre-employment screening for Blinderman construction Company's Midway construction project satellite office located at 5207 W. 65th St.

IV. Also, show documented evidence of my completing and passing Blinderman construction's required pre-employment physical & drug testing.

V. Bring into evidence of Blinderman construction's work force demographics for Chicago Midway international Airport Project. Also, their copy of certified payroll transcript.

VI. The Blinderman construction Company makes claims in their EEOC position statement, that I was actually hired by Jewel Construction Company. I request that the court allow subpoena of the owners or agents for Jewel Construction Co. (Miss Ozella Stewart), that they substantiate under oath what their role and relationship is to the general contractor, Blinderman Construction Company?

VII. Present evidence of documentation which shows yet another employer (Jade carpentry contractors Inc.) to which the Blinderman construction Company claims that I applied to work during their hiring process. I request that the court allow subpoena of the owners or agents for "Jade Carpentry Contractors" (Miss Judy De'Angelo), that they substantiate under oath what their role and relationship is to the general contractor, Blinderman Construction Company?

*Victor Murray*
4/7/2017